UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00468-FDW-DSC

| | |
|---|---|
| MARQUISHA DYNAE KIRKLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| BUFFALO WILD WING ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendant ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Doc. No. 4) (the "Motion"), which has been fully briefed by the parties (Docs. Nos. 6, 7), and Plaintiff's Request for this Court to Rule on the Outstanding Motion (Doc. No. 9). For the reasons stated below, the Motion is GRANTED, and this matter is remanded to Mecklenburg County Civil Superior Division.

## I. BACKGROUND

Plaintiff's Complaint, originally filed in North Carolina Mecklenburg County Superior Court ("Superior Court"), seeks relief from a slip and fall that occurred while on Defendant's premises. (Doc. No. 1-2, at 1). The Complaint alleges three causes of action arising under state law—negligence, premises liability, and intentional infliction of emotional distress. Id. at 2-3. Plaintiff's Complaint claims the amount sought "exceeds twenty-five thousand dollars ($25,000.00)," including punitive damages. Id. at 4.

Defendant removed the matter to this Court, asserting jurisdiction based on diversity of citizenship and an amount in controversy that exceeds $75,000, pursuant to 28 U.S.C. § 1332(a).

1

While Plaintiff does not dispute the parties are diverse, Plaintiff has moved to remand this case back to Superior Court on the grounds that the amount in controversy is not satisfied. (Doc. No. 4-1, at 3).

## II. STANDARD OF REVIEW

All defendants have a statutory right to remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138 (4th Cir. 1995). To invoke subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b), the matter in controversy must exceed $75,000, exclusive of interest and costs, and be "between citizens of different states." 28 U.S.C. § 1332(a).

However, because of inherent federalism concerns, federal courts strictly construe removal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined.") (citations omitted). Consequently, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151 (citing In re Bus. Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098, 1102 (D.S.C. 1990)); accord Bartnikowski v. NVR, Inc., 307 F. App'x 730, 739 (4th Cir. 2009) (unpublished).

A party seeking removal to federal court has the burden establishing federal subject matter jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 183 (1936)). In cases where State practice does not permit a demand by a plaintiff for a specific sum—as is the case

2

here[1]—removal is only proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [the $75,000 threshold]." 28. U.S.C. § 1446(c)(2)(B); accord Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013). When conducting this inquiry, the court may consider the claims alleged, evidence in the record or submitted by the parties, the applicability of attorney's fees, and potential punitive or trebling of damages. See Francis, 709 F.3d at 369 (considering attorney's fees when calculating the amount in controversy); R.L. Jordan Oil Co. of N. Carolina v. Boardman Petroleum, Inc., 23 F. App'x 141, 145 (4th Cir. 2001) (unpublished) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages"); ECR Software Corp. v. Zaldivar, No. 5:12CV0039-RLV-DCK, 2013 WL 1742676, at *8 (W.D.N.C. Apr. 23, 2013) ("In order to satisfy the requirements of removal under 28 U.S.C. § 1446(c), Defendant was required to point to an allegation within Plaintiff's well-pleaded Amended Complaint or make the argument within the Notice of Removal."). Further, "[m]ere averments are not sufficient; the defendant must produce some competent proof that the amount of controversy requirement is satisfied." Cargo Logistics Servs., Corp. v. XTRA Lease, LLC, No. 3:12-CV-832-RJC-DSC, 2013 WL 1798344, at *2 (W.D.N.C. Apr. 29, 2013) (citations omitted).

---

[1] North Carolina Rule of Civil Procedure 8(a)(2) requires that "[i]n all negligence actions, and in all claims for punitive damages in any civil action, wherein the matter in controversy exceeds the sum or value of twenty-five thousand dollars ($25,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of twenty-five thousand dollars ($25,000)." N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). Here, Plaintiff claims negligence and punitive damages under North Carolina law, and a complaint for an unspecified amount of damages is appropriate. See Matt v. Fifth Third Bank, Inc., No. 5:18-CV-101-BR, 2018 WL 3846310, at *2 (E.D.N.C. Aug. 13, 2018); ECR Software, 2013 WL 1742676, at *7.

## III.     DISCUSSION

Defendant contends this Court has jurisdiction because the parties are diverse and the amount in controversy is satisfied; yet, Defendant has failed to present meaningful arguments to support this contention. Defendant's main argument is because other cases have yielded settlements or trial awards for significantly higher than $75,000, this case's amount in controversy exceeds $75,000 as well. (Doc. No. 6, at 3). Defendant does not, however, explain how Defendant's cited cases are factually similar to the case at hand or even allege the same causes of action. Similar arguments have been addressed and rejected by this Court previously:

> Defendant cites cases involving similar claims and argues that because those cases resulted in verdicts or settlements in excess of $75,000, [plaintiff's] damages could be expected to exceed that amount as well. Courts may look to verdicts and settlements in similar cases in making a jurisdictional analysis. However, Defendant offers no evidence that the damages in those cases were similar to [plaintiff] in this case. Mere conjecture is insufficient to meet Defendant's burden. Accordingly, diversity subject matter jurisdiction does not exist and Plaintiffs' Motion to Remand should be granted.

Cargo Logistics Servs. Corp. v. XTRA Lease, LLC, No. 3:12-CV-832-RJC-DSC, 2013 WL 789744, at *2 (W.D.N.C. Mar. 4, 2013), adopted by, No. 3:12-CV-832-RJC-DSC, 2013 WL 1798344 (W.D.N.C. Apr. 29, 2013) (citations omitted); see also Matt, 2018 WL 3846310, at *3 ("In an attempt to satisfy its burden, defendant speculates that the amount exceeds $75,000 simply because state law permits such award. Defendant fails to provide any facts related to plaintiff's allegations that support the existence of a damages sum greater than $75,000. Instead, defendant cites two cases in which punitive damages were found to push the amount in controversy over the jurisdictional threshold. Defendant's reliance on these cases is misguided."). Likewise, this Court is not persuaded by Defendant's argument regarding speculative damages.

Defendant further argues that in order to warrant a remand back to Superior Court, Plaintiff must stipulate it will not seek more than $75,000, because "such a stipulation is the only way in which the Defendant can be certain that the jurisdictional limit of the federal court has not been met." (Doc. No. 6, at 2).  However, Defendant has not identified any applicable law that requires a plaintiff to make such a stipulation, nor is the Court aware of any case that holds such a stipulation is necessary.  See, e.g. Cargo Logistics, 2013 WL 789744, at *2 (finding defendant "has failed to carry its burden of establishing that the amount in controversy requirement was met" without any stipulation from the plaintiff); see also Chek v. State Farm Fire & Cas. Co., No. 5:13-CV-378-JG, 2014 WL 12680676, at *4 (E.D.N.C. Mar. 17, 2014) (considering such a stipulation in determining the amount of controversy but not requiring it).

Ultimately, Defendant has provided only conjecture as to why the amount in controversy exceeds $75,000.  This speculation is insufficient to overcome Defendant's burden of proof.  See Hamilton v. Arcan Capital, LLC, No. 1:18CV356, 2019 WL 1322535, at *5 (M.D.N.C. Mar. 22, 2019) ("[D]efendants] make no further arguments, nor provide any additional evidence, to support their contention that they meet their burden of demonstrating that the amount in controversy exceeds $75,000."); Peterson v. Envoy Air, Inc., No. 5:15-CV-56-FL, 2015 WL 1543253, at *2 (E.D.N.C. Apr. 7, 2015) ("Defendants submit no affidavits . . . .  [S]uch finger-pointing is insufficient, where defendants must carry the ultimate burden of demonstrating jurisdiction.").  As such, Defendant has failed to establish this Court has jurisdiction, and remand of this case to Superior Court is appropriate.  See Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand, (Doc. No. 4), is GRANTED, and Plaintiff's Request for this Court to Rule on the Outstanding Motion (Doc. No. 9) is DENIED as moot. This case is hereby REMANDED to the Mecklenburg County Civil Superior Court Division of North Carolina for further proceedings. The Clerk is DIRECTED to send a copy of this order to the Clerk of that court.

IT IS SO ORDERED.

Signed: April 17, 2019

_____
Frank D. Whitney
Chief United States District Judge